IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS LEON CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:14cv669-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance; it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A. Introduction**.  The plaintiff was 51 years old on the date of onset of disability. (R. 120, 129). He completed high school. (R. 154). His past relevant work experience includes work as a concrete finisher, construction worker, and conveyor feeder off-bearer.

(R. 29). Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "lumbago, arthropathy of the knees, degenerative disc disease, pain disorder, depressive disorder and anxiety disorder." (R. 22). The ALJ concluded that the plaintiff was unable to perform his past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, she also concluded that there were significant number of jobs in the national economy that the plaintiff could perform. (R. 29-30). Thus, the ALJ concluded that Cunningham was not disabled because he has the residual functional capacity to perform light work with restrictions. (R. 30-31).

**B. Plaintiff's Claim**. As stated by the plaintiff, the sole issue[4] for the Court's review is whether "[t]he ALJ failed to properly evaluate the opinion of Plaintiff's Treating Physician." (Doc. # 12, Pl's Br. at 4, 10).

---

[4] In brief, Cunningham argues that

> even if the ALJ finds Dr. McAdams's opinion inconsistent, she is not free to dismiss that opinion out of hand. Social Security Ruling 96-5p states, "For treating sources, the rules require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the basis for such opinions are not clear to us." For the ALJ to dismiss Dr. McAdams's opinion because the ALJ believes it to be inconsistent without first contacting this source is egregious error.

(Doc. # 12 at 14).

In its' order of procedure, the court specifically informed the plaintiff that "[i]ssues not presented in the Statement of Issues will not be considered." (Doc. # 3 at 2). This issue was not presented in the plaintiff's Statement of Issues, and the court can summarily decline to address it.
Even if Cunningham had properly raised this issue, the court concludes that he is not entitled to relief. The ALJ was not required to recontact McAdams. The ALJ did not discount McAdams' opinions because they were internally inconsistent. The ALJ determined that McAdams' assessment of the severity of Cunningham's impairment was inconsistent with the medical records.

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for her decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added). Within this analytical framework, the court addresses the plaintiff's claim.

Cunningham argues that the ALJ failed to give great weight to the opinion of his treating physician, Dr. Arthur McAdams ("McAdams"). (Doc. # 12, Pl's Br. at 4). According to Cunningham, if the ALJ gave great weight to the opinion of McAdams, he

5

would be found disabled. (*Id*.)

The Commissioner asserts that Mr. McAdams' opinions are not entitled to great weight because he is not a treating physician but rather a physician's assistant. (Doc. # 13 at 5). The Commissioner is correct. The ALJ was not required to give McAdams' opinions substantial weight because McAdams is not Cunningham's treating physician. McAdams' treatment notes of Cunningham demonstrate that he is a physician's assistant, not a physician. *See* R. 294, 308. On the Physical Capacities Evaluation and Clinical Assessment of Pain, McAdams' signature clearly reflects that he is a physician's assistant. *See* R. 304, 306. Consequently, because McAdams is not Cunningham's treating physician, the ALJ was not required to give his opinions substantial weight.

Nonetheless, as a physician's assistant, McAdams is considered an "other source," and the ALJ may consider his opinion "to show the severity of [Cunningham's] impairment(s), and how it affects [his] ability to work." 20 CFR §404.1513(d).

On April 1, 2011, Cunningham presented to Cooper Green Hospital for an initial visit. (R. 265). He complained of lower back pain and left knee pain. (*Id*.). Cunningham was ambulating without assistance, and stated that he had "back spasms worse at night." (*Id*.). He was seen McAdams.[5] Cunningham was prescribed Mobis and Flexeril. (*Id*.)

---

[5] None of the records from Cooper Green Hospital reflect the author of the treatment notes, and the parties presume that McAdams authored the records. *See* Doc. # 12 at 5. Moreover, the handwriting on the notes appears to be similar. Consequently, the court will attribute the treatment notes to McAdams.

On June 1, 2011, Cunningham presented to McAdams complaining of low back pain and a rash on his left leg. (R. 264). Cunningham reported that he was applying for disability and that Mobis only gave him minimal relief. Cunningham was prescribed Torodal and Tramadol for his pain, and referred to physical therapy. (*Id.*)

An MRI (Magnetic Resonance Imaging) of Cunningham's lumbosacral spine on July 22, 2011 demonstrated "[n]o evidence of significant degenerative disc disease." (R. 267, 291).

On August 31, 2011, Cunningham presented to McAdams for a routine, follow up visit. He complained of sexual dysfunction and reported a visit to the emergency room for knee and back pain. (R. 263). At that time, Cunningham was ambulating with a cane,[6] and he stated that the "pain is not much better. However, PT helped on occasion." (*Id.*) Cunningham was prescribed medication, and recommended for an MRI. (*Id.*)

An MRI on November 23, 2011 revealed disc desiccation at L2-L3 and L4-L5, no abnormalities in the spinal cord, generalized disc bulge at L4-L5, mild spinal canal narrowing at L4-L5, central disc bulge at L5-S1, no foraminal stenosis and mild canal narrowing at L5-S1. (R. 266, 290).

> IMPRESSION: #1 disc bulge L4-L5 with accentuation to the left and bilateral foraminal stenosis. There is mild spinal canal narrowing, #2 central disc bulge L5-S1 with no foraminal stenosis. Mild spinal canal narrowing.

(*Id.*)

---

[6] The medical records do not reflect that Cunningham was prescribed a cane.

On February 29, 2012, Cunningham complained of tingling and numbness of the right leg and problems with urination. (R. 262). McAdams noted the following.

> Doing better today, however seen at ER since his last visit. And was restarted on Mobic and given RX for Zantac. Depression has improved on the Paxil. Also states Cialis helped his ED and wants to continue on ED meds.

(*Id.*).

Cunningham was continued on his medications. (*Id.*)

McAdams saw Cunningham on June 6, 2012, for a follow up visit. (R. 293-94). Cunningham complained of chronic low back pain and occasional left foot pain. (R. 293). McAdams diagnosed Cunningham with lumbago, discontinued his Tramadol but prescribed Flexeril instead. (R. 294).

On August 27, 2012, after five visits[7], McAdams completed a physical capacity evaluation regarding Cunningham's physical abilities. (R. 304). He also completed a clinical assessment of pain form. (R. 305-06). According to McAdams, Cunningham could lift 20 pounds occasionally, and 10 pounds frequently. (R. 304). Cunningham could sit for three hours a day and stand for two hours. (*Id.*) McAdams indicated that Cunningham used a cane. (*Id.*). McAdams also opined that Cunningham could use arm and leg controls and climb and bend occasionally.(*Id.*) He could frequently do fine manipulation and reaching.

---

[7] Although Cunningham presented to Cooper Green Hospital on July 22, 2011, November 17, 2011, and July 24, 2012, he was seen at the emergency room. He was not seen by McAdams. (R. 277, 284, 295-99). There is no evidence in the record to suggest that McAdams reviewed the treatment notes from the emergency room visits before completing the physical capacity evaluation or the clinical assessment of pain form.

(*Id*.). He could never stoop, and he could not work around dust or heavy machinery. (*Id*.).

McAdams also offered that Cunningham's pain was present to a degree sufficient to be distracting; prolonged sitting and standing would greatly increase his pain; and his medications caused severe side effects. (R. 305-06).

As noted, a physician's assistant is not considered an "acceptable source," and McAdams' opinions are not entitled to substantial weight. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). More importantly, however, the ALJ sufficiently discredited McAdams' opinions regarding Cunningham's limitations.

> The undersigned does not give any weight to [Mr. McAdams'] opinion because the opinion of a physician assistant is not an acceptable medical source. In addition, on physical examinations, the claimant has normal strength in his upper and lower extremities. The records also do not support a finding that the claimant needs a cane and the objective testing do not show that the claimant has any neurological deficits. Moreover, the claimant's records do not document any statements by the claimant alleging that he has any of the above limitations proposed by Mr. McAdams. Therefore, the undersigned does not credit this assessment. Nonetheless, his opinion was considered and to the extent it is supported by evidence from acceptable medical sources, it is afforded some weight in the adjudication of this case.

(R. 28-29).

The ALJ's decision to discount McAdams' assessments is supported by substantial evidence. Although Cunningham testified that his most disabling impairment is pain in his back, (R. 39-40), McAdams' treatment records do not support his assessment of the severity of Cunningham's back impairment. McAdams' assessments of Cunningham were based on five visits over a sixteen month period. While Cunningham's MRI revealed

generalized bulging discs, the scan does not corroborate the severity of Cunningham's limitations, and McAdams' treatment notes do not support the level of disability he attributes to Cunningham. Although McAdams opined that Cunningham suffered from severe side effects from his medication, the only side effects about which Cunningham complained was that Tramadol caused some urinary retention, (R. 262, 293, 307) and Naproxen caused light blood in his stool.[8] (R.277). McAdams also suggested that Cunningham suffered from significant pain that was present to the extent to be distracting on a daily basis. (R. 305). However, McAdams' own records indicate that, on each visit, Cunningham was in no apparent distress. (R. 262-65). Finally, although Cunningham complained of lower back pain, McAdams has consistently treated him conservatively with pain medication. No physician has recommended surgery, and no physician has suggested that Cunningham is disabled as a result of his back impairment. After reviewing the medical evidence in the record, the ALJ discredited McAdams' assessments of the severity of Cunningham's back impairment. The ALJ may disregard a medical opinion, provided that she states with particularity her reasons. *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987).

In addition, the other medical evidence of record supports the ALJ's decision to discount the opinions of McAdams. On July 2, 2011, Dr. David Brower performed a

---

[8] When Cunningham voiced this concern, Naproxen was discontinued and Toradol was prescribed in its stead. (R. 279).

physical examination of Cunningham. (R. 229-32). Cunningham complained of back and knee pain. (R. 229). Dr. Brower observed that Cunningham was

> able to walk into the examination room without assistance. He [was] able to sit down, however, every minute or so he [was] changing positions while seated. He [was] able to get on and off the examination table. He [was] able to take on and off his shoes.

(R. 230).

Dr. Brower noted that Cunningham did not have an antalgic gait. (R. 231). Straight leg raises in the seated and supine positions were negative. (*Id*.)   Dr. Brower noted "tenderness to palpation at the right L4-L5 paravertebral area in the region of the facet joints." (R. 231). Dr. Brower did not opine that Cunningham's back impairment prevented him from working.

"Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec.,* 496 F.3d 1235, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988). This the plaintiff has failed to do. Based upon its review of the ALJ's decision and the objective medical evidence of record, the court concludes that the ALJ properly rejected the opinion of McAdams regarding the limitations caused by Cunningham's back pain.

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual

findings.  *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).  It is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ.  Instead the court reviews the record to determine if the decision reached is supported by substantial evidence.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

## V.  Conclusion

The court has carefully and independently reviewed the record, and concludes that the decision of the Commissioner is supported by substantial evidence.

A separate order will be entered affirming the Commissioner's decision.

Done this 29th day of July 2015.

        /s/Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE